UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Honorable Katharine S. Hayden

v. : Criminal No. 12-133(KSH)

MAHDI SOCARA : **ORDER**
 a/k/a "Mahdi Sakara"

This matter having come before the Court on the motions of Defendant Mahdi Socara, Richard Coughlin, Esq., Federal Public Defender, and Lisa Mack, Esq. and John H. Yauch, Esq., Assistant Federal Public Defenders appearing for Defendant, and the United States, Paul J. Fishman, United States Attorney, and Frances C. Bajada, Esq. and Bohdan Vitvitsky, Esq., Assistant United States Attorneys, appearing for the Government; and

The Court having considered the briefs of counsel as well as oral argument during hearings held in open court on June 6, 2012; and

For the reasons set forth on the record on June 6, 2012,

IT IS hereby ORDERED:

(1) Customers of the Defendant who may be called to testify at trial may be asked on cross examination whether they felt intimidated or threatened with respect to what they may have perceived or imagined to be any possible immigration or criminal exposure or adverse consequence when they were being interviewed

1

by Special Agents in connection with the instant matter. If a customer-witness responds that he/she felt intimidated or threatened in some way, then the Defendant must request a sidebar before he explores those concerns further, but the Defendant will be allowed to explore what the nature of such concerns was and how they may have influenced what the customer-witness told the Government or how he/she testified at trial. The Defendant may not, however, suggest or imply to the jury in his cross examination that merely being a customer of an unlicensed and unregistered money transmitter, the customer-witness thereby had some kind of criminal exposure.

If the customer-witness responds to the initial question that he/she did not feel intimidated or threatened, then this line of questioning may not be pursued further.

With respect to the Government's objections to defense cross examination relating to the above subject during the videotaped testimony of Ms. Namazi and Mr. Ghorbani, counsel for the Defendant and the Government are directed to attempt to resolve their disputed objections. The Court will rule on any unresolved objections;

(2) It is proper for Deputy Superintendent of the New York State Department of Financial Services Regina Stone to provide background information and context for the regulatory

scheme that governs money transmitting businesses insofar as that industry is likely to be unfamiliar to most persons; and

(3) Following extensive and detailed questioning of defendant Mahdi Socara, the Court finds that the Defendant is competent to choose to represent himself at trial and that he has made that choice knowingly and voluntarily.  With respect to Defendant's request for standby counsel, the Court grants that request with the following provisions as to respective roles at trial:

> (a)  standby counsel will represent the defense for purposes of jury selection;
>
> (b) the Defendant will do the defense's opening and closing;
>
> (c) the Defendant may cross examine witnesses;
>
> (d) the Defendant may examine witnesses, if any, on direct testimony, except that if the Defendant chooses to testify, standby counsel will act as the questioner, and if there is cross examination of the Defendant after he testifies, standby counsel will raise objections, if any;
>
> (e) standby counsel may draft any legal memoranda needed.

The Court will not allow any "tag-teaming" by the defense.

**SO ORDERED.**

Dated: June 25, 2012

_____
HONORABLE KATHARINE S. HAYDEN
United States District Judge